IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEE OTHO THOMPSON, #213336,       )
                                  )
        Petitioner,               )
                                  )
    v.                            )       CIVIL ACTION NO. 1:04-CV-337-MHT
                                  )                        [WO]
                                  )
RALPH HOOKS, *et al.*,            )
                                  )
        Respondents.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Lee Otho Thompson ["Thompson"], a state inmate, on February 13, 2004.  In this

petition, Thompson challenges a conviction for attempted murder imposed upon him by

the Circuit Court of Houston County, Alabama on September 7, 2000.  The trial court

sentenced Thompson to fifty years imprisonment for this conviction.

Thompson filed a direct appeal of his attempted murder conviction in which he

raised the following claims for relief:  (1) trial counsel provided ineffective assistance

because (i) he failed to present objections to the admission of five exhibits submitted by the

State, (ii) he did not object to the dynamite charge,[1] (iii) he failed to object to the trial

---

[1]An *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), charge is used by trial courts to urge juries to reach a verdict and is commonly referred to as a "dynamite charge."

court's refusal to give his requested charge on second degree assault, (iv) he failed to request a motion for acquittal at the close of the defense's case, and (v) the cumulative effect of these errors prejudiced petitioner; (2) the trial court erred in denying his motion for a new trial in order to secure the presence of a crucial witness; (3) the trial court imposed an excessive sentence not in proportion to the evidence submitted to the jury; and (4) the State failed to prove Thompson's guilt beyond a reasonable doubt.  On August 24, 2001, the Alabama Court of Criminal Appeals affirmed Thompson's attempted murder conviction in a memorandum opinion.  *See Respondents' Exhibit D - Thompson v. State*, 837 So.2d 886 (Ala.Cr.App. 2001)(table decision).   Specifically, the appellate court determined that Thompson's claims of ineffective assistance of trial counsel were procedurally barred from review and his remaining claims for relief were without merit. The relevant portion of this decision reads as follows:

> The record reflects that none of the five specific claims of ineffective assistance of counsel presented on appeal were included in Thompson's motion for a new trial.  Thompson did make a general allegation in his motion for a new trial, stating that he "was inadequately represented by trial counsel" and in his amended motion for a new trial where he stated that he "had ineffective assistance of counsel during trial."

In *Ex parte Jefferson*, 749 So.2d 406 (Ala. 1999), the Alabama Supreme Court created an exception to the preservation requirement concerning ineffective assistance of counsel. The Court held that a general claim of ineffective assistance of counsel may be sufficient to preserve a more specific claim of ineffective assistance of counsel for appellate review "[w]here the record on appeal reflects that trial counsel's performance was so deficient as to fall below an objective standard of reasonableness." 749 So.2d at 408.  In *Montgomery v. State*, 781 So.2d 1007 (Ala.Crim.App. 2000), this Court recognized that the exception carved out by the Alabama Supreme Court in *Jefferson* would be applicable in "only a

minute number of cases" -- where counsel's error is "so blatant and clear on the face of the record that there [is] no room for interpretation." 781 So.2d 1011. We held in *Montgomery* that we would "not stretch to find ineffective assistance of counsel in cases where the claim has not been addressed by the trial court," and that if the record on appeal does not reflect on its face that counsel's performance was so deficient as to fall below an objective standard of reasonableness, the preservation exception carved out in *Jefferson* would not apply. *Id.*

> In this case, we find that Thompson's five claims of ineffective assistance of counsel, which were not presented to the trial court in his motion for a new trial, do not fall within the preservation exception of *Jefferson*. The record does not reflect, on its face, that trial counsel's performance was so deficient as to fall below an objective standard of reasonableness. Therefore, those claims are not properly preserved for review. See, e.g., *Flowers v. State*, [799 So.2d 966 (Ala.Crim.App. 1999), *cert. denied*, *Flowers v. Alabama*, 534 U.S. 901, 122 S.Ct. 230 (2001)] and *Montgomery*, *supra*.

*Respondents' Exhibit D* at 1-2 (citation to record omitted) - *Thompson v. State*, 837 So.2d 886 (Ala.Cr.App. 2001)(table decision). The appellate court denied Thompson's application for rehearing. *Thompson v. State*, *supra*. On December 21, 2001, the Alabama Supreme Court denied Thompson's petition for writ of certiorari. *Respondents' Exhibit E - Ex parte Thompson*, 839 So.2d 695 (Ala. 2001)(table decision).

In August of 2002, Thompson submitted a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, to the Circuit Court of Houston County, Alabama. The trial judge granted Thompson's motion for leave to proceed *in forma pauperis* but ordered that Thompson make payments of fifteen dollars each month toward payment of the costs associated with filing the petition. *Respondents' Exhibit F* at 17. The trial court further directed the court clerk not to docket the petition until receipt of the first

payment from Thompson. *Id*. In accordance with this order and upon notice from Thompson that he had no funds available to pay the monthly fee, the clerk stamped Thompson's Rule 32 petition "filed" on December 10, 1002 and entered it on the docket.

In this Rule 32 petition, Thompson argued that trial and appellate counsel provided ineffective assistance during his state court proceedings.[2] *See Respondents' Exhibit F* at 10-13 - *Rule 32 Petition* at 8-11. Specifically, Thompson asserted that trial counsel provided ineffective assistance because he (i) waived arraignment and the reading of the indictment when the face of the indictment contained a fatal flaw in that the signature of the grand jury foreman was unreadable, (ii) failed to object to the validity of the indictment based on the lack of the grand jury foreman's legible signature, (iii) failed to object to inflammatory photographs and x-rays introduced as exhibits by the State, (iv) prejudiced the petitioner when during a bench conference counsel mentioned to the court a possible requested charge on self defense, (v) failed to object concerning evidence as to the knife and x-rays absent establishment of a chain of custody, (vi) failed to object to the trial court giving a dynamite charge, and (vii) failed to challenge conflicting testimony provided by witnesses. *Id*. As for appellate counsel, Thompson argued that he did not present specific claims of ineffective assistance of trial counsel in the motion for new trial so as to preserve these claims for review on direct appeal. *Id*. at 13.

---

[2]Different counsel represented Thompson at trial and on direct appeal.

4

The Circuit Court of Houston County issued an order denying Thompson's Rule 32 petition. *Respondents' Exhibit F* at 30-32 - *Order Signed April 8, 2003/Filed April 10, 2003* at 1-3. Thompson appealed this decision and the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's decision to deny collateral relief. In so doing, the appellate court deemed Thompson's claims of ineffective assistance of trial counsel procedurally barred from review and determined that his claims of ineffective assistance of appellate counsel lacked merit. The pertinent portion of this opinion reads as follows:

> Thompson filed the present petition on December 10, 2002, claiming that he was denied effective assistance of trial and appellate counsel. The State filed a response. Thereafter, the circuit court appointed an attorney to represent Thompson, conducted an evidentiary hearing on the petition, and issued an order, finding that Thompson had "failed to meet the threshold showing that his attorney's actions fell below the 'objective standards of reasonableness' and [had] failed to demonstrate that he was prejudiced by any error."

> On appeal, Thompson contends that his trial counsel rendered ineffective assistance (1) when he informed the trial court during a bench conference that he "may have a plea of self defense to offer" and that such statement by his trial counsel resulted in prejudice so great that it became impossible for him to receive a fair trial and that such statement by his trial counsel "influenced the [trial] court to give the jury a dynamite charge" (Thompson's brief at pages 6-7); and (2) when his trial counsel did not object to the indictment as being fatally flawed because, he said, "the signature of the foreman of the grand jury was unreadable." (Thompson's brief at page 4.) However, his ineffective-assistance-of-trial-counsel claim is procedurally barred by Rule 32.2(a)(2) and (4), Ala.R.Crim.P., because he challenged his trial counsel's effectiveness in his motion for a new trial and on direct appeal.

> Thompson also contends that his appellate counsel rendered ineffective

assistance when he did not raise certain ineffective-assistance-of-trial-counsel claims in the trial court and on direct appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden to show (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

First, Thompson contends that his appellate counsel was ineffective when he did not raise trial counsel's ineffectiveness for informing the trial court during a bench conference that he "may have a plea of self defense to offer" because, as he stated at the evidentiary hearing, (1) when his trial counsel told the trial court that he might request a self-defense charge, "[t]hat, in actuality, was telling the court that I was guilty" because, he said, "[i]f I was pleading not guilty, why would I need a charge of self defense if I didn't do anything"; and (2) the fact that his trial counsel had said he might request a self-defense charge "played into" the trial court giving a dynamite charge to the jury when it came back deadlocked. We have reviewed the direct appeal record and find that after Thompson's trial counsel argued his motion for a judgment of acquittal at the close of the State's case and the trial court had denied the motion, the following exchange occurred:

> "THE COURT:  Okay.  Do y'all have any requested jury charges?
>
> "[THOMPSON'S TRIAL COUNSEL]:  Judge, I don't know if my, my client has not decided for sure if he wants to testify or not.  If he does, I may have a requested charge in the area of self defense.  But until he makes that decision, I don't plan --"

During the charge conference, the following exchange occurred between Thompson's trial counsel and the trial court:

"THE COURT:  [Thompson's trial counsel], do you have any requested charges?

"[THOMPSON'S TRIAL COUNSEL]: Judge, I do not intend, obviously, since my client didn't testify, I do not intend to offer any requested charges on the area of self defense."

. . .  In light of the foregoing, we determine that there is no basis for finding Thompson's trial counsel was ineffective in regard to a request for a self-defense charge at trial, and appellate counsel was not ineffective for not challenging trial counsel's effectiveness in this regard in the motion for a new trial and on direct appeal.

Second, Thompson contends that his appellate counsel was ineffective when he did not raise trial counsel's ineffectiveness for not objecting to the indictment as being fatally flawed because, as Thompson says, "the signature of the foreman of the grand jury was unreadable." (Thompson's brief at page 4.)  At the evidentiary hearing on the [Rule 32] petition, the following exchange occurred between Thompson and the attorney the circuit court had appointed to represent Thompson at the evidentiary hearing:

"[THOMPSON'S ATTORNEY]:  And I stated to you that the signature alone was not a flaw in the indictment ---

"[THOMPSON]:  Right.

"[THOMPSON'S ATTORNEY]:  And you alleged jurisdiction[al] issues?

"[THOMPSON]:  Right.

"[THOMPSON'S ATTORNEY]:  Is that still an issue today?

"[THOMPSON]:  Well, I have been doing further law research myself on that issue about the signature, but I can't find any law to back it up. So ---"

The fact that the grand jury foreman's signature on the indictment is unreadable does not render the indictment void and it is not a jurisdictional

defect because even the <u>lack</u> of the grand jury foreman's signature is not necessarily fatal to the indictment.  See *Noah v. State*, 494 So.2d 870, 871 (Ala.Crim.App. 1986) (holding that the signing of a true bill by the grand jury foreman is nothing more than a mere formality and that the lack of that signature therefore is not necessarily fatal to the indictment).  Thus, there was no basis for Thompson's trial counsel to challenge the indictment on this ground at trial, and as noted above, Thompson admitted as much during the evidentiary hearing [on his Rule 32 petition].  Consequently, Thompson's trial counsel was not ineffective for not challenging the indictment on this ground at trial, and appellate counsel was not ineffective for not challenging trial counsel's effectiveness in this regard in the motion for a new trial and on direct appeal.

\* \* \*

   We note that in his petition, Thompson also argued that his trial counsel rendered ineffective assistance when he did not object to the admissibility of certain photographs and x-rays and that his appellate counsel was ineffective when he did not raise this ineffective-assistance-of-trial-counsel claim in the trial court and on direct appeal.  However, Thompson does not pursue that claim on appeal; thus, it is deemed to be abandoned.  See, e.g., *Brownlee v. State*, 666 So.2d 91, 93 (Ala.Crim.App. 1995) ("We will not review issues not listed and argued in brief.").

   In light of the foregoing, the circuit court's denial of Thompson's Rule 32 petition is affirmed.

*Respondents' Exhibit I* at 1-4 (citations to record omitted) - *Thompson v. State*, 886 So.2d 187 (Ala.Cr.App. 2003)(table decision).  Thompson filed an application for rehearing which the Alabama Court of Criminal Appeals denied on October 31, 2003.  *Thompson v. State*, 897 So.2d 1249 (Ala.Cr.App. 2003)(table decision).  Although Thompson filed a petition for writ of certiorari with the Alabama Supreme Court, the court denied this writ on January 16, 2004.  *Respondents' Exhibit J - Ex parte Thompson*, 899 So.2d 318 (Ala.

2004)(table decision).

Thompson filed this 28 U.S.C. § 2254 petition on February 13, 2004 in which he asserts the following claims for relief:

1.  Trial counsel's statement during a bench conference that a plea of self defense might be raised resulted in an unfair and impartial trial.

2.  Trial counsel failed to object to the validity of the indictment as fatally defective because the signature of the grand jury foreman was illegible and did not meet the requirements necessary to return a true bill.

3.  Appellate counsel failed to properly raise and therefore preserve for review the issue of trial counsel's error in advising the court of a possible plea of self defense.

4.  Appellate counsel failed to present the issue of trial counsel's failure to challenge the validity of the indictment as fatally defective in the motion for new trial so as to preserve this issue for review on direct appeal.

In their answers, the respondents argue that Thompson's claims of ineffective assistance of trial counsel are procedurally defaulted as he failed to present these claims to the state courts in accordance with the requirements of the State's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.

9 (11th Cir.), *cert. denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).   Specifically, the respondents maintain that the claims challenging trial counsel's effectiveness are barred from review because Thompson did not present these claims to the trial court in his motion for new trial.   *Respondents Answer - Court Doc. No. 8* at 15; *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").[3]   The respondents further argue that the claims of ineffective assistance of appellate counsel do not entitle Thompson to federal habeas relief as the state courts properly adjudicated these claims on

---

[3]Although in its memorandum opinion on appeal from denial of the Rule 32 petition the Alabama Court of Criminal Appeals deemed the two claims of ineffective assistance of trial now before this court procedurally barred because these claims had been raised and addressed at trial and/or on appeal, it is clear from a review of the undisputed record that Thompson did not raise either of these claims in his motion for new trial or on direct appeal.   Nevertheless, the appellate court did not address Thompson's claims of ineffective assistance of trial counsel on the merits and relied on a procedural bar, albeit an incorrect one, in refusing to consider the merits of these claims.   Thus, the facts of this case are different from and, therefore, not governed by those cases in which a state court completely ignores a procedural bar and rejects a claim solely on the merits thereby precluding a district court from considering the claim barred from federal habeas review. *See Peoples v. Campbell,* 77 F.3d 1208, 1235 (11th Cir. 2004); *Davis v. Singletary,* 119 F.3d 1471 (11th Cir. 1997); *Messer v. Florida,* 834 F.2d 890, 893 (11th Cir. 1987); *Campbell v. Wainwright,* 738 F.2d 1573 (11th Cir.1984), *cert. denied,* 475 U.S. 1126, 106 S.Ct. 1652, 90 L.Ed.2d 195 (1986).   Consequently, the respondents' assertion that Thompson procedurally defaulted the instant claims of ineffective assistance of trial counsel due to his failure to raise such claims in the motion for new trial provides an adequate and appropriate basis to bar federal review of these claims. *Coleman, supra.*

the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 495, 1518- 1523 (2000). As support for this assertion, the respondents maintain that the denial of these claims by the state courts during the Rule 32 proceedings was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented.

This court provided Thompson an opportunity to file a response to the answer of the respondents but he has not done so. Upon review of the § 2254 petition, the answer of the respondents, the undisputed record in this case and the opinions issued by the state courts, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Claims Adjudicated by the State Courts

Thompson's request for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act. *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000). Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state

court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

The Court explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853 (2003).  Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120

S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). A federal district court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo*

rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d) . . ."  538 U.S. at 636, 123 S.Ct. at 1851.

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984) in determining that the trial court did not err in denying Thompson post-conviction relief on his claims of ineffective assistance of appellate counsel.  *Respondents' Exhibit D - Memorandum Opinion on Appeal of Rule 32 Petition* at 2.  *Strickland* sets forth the clearly established federal law on this issue.  Thus, this court will determine whether rejection of the Thompson's claims of ineffective assistance of appellate counsel by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  A habeas petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, the petitioner is required to show that there is

14

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness did not deprive the petitioner of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n. 17 (2000).  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The test utilized to evaluate a petitioner's claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991).  Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

The Alabama Court of Criminal Appeals courts did not decide Thompson's claims of ineffective assistance of appellate counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply

a rule that contradicts governing federal law.  *Williams v. Taylor*, 362 U.S. at 412. Consequently, the state appellate court's rejection of these claims was not contrary to actual Supreme Court decisions.  Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the rejection of Thompson's ineffective assistance of appellate counsel claims by the Alabama Court of Criminal Appeals was objectively reasonable.  The decision issued by the state appellate court likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thompson is therefore due no relief from this court on his claims of ineffective assistance of appellate counsel.

## B.  The Procedurally Defaulted Claims

Thompson's claims of ineffective assistance of trial counsel are barred from federal habeas review as Thompson failed to present these claims to the state courts in accordance with the State's applicable procedural rules.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Thompson v. Jones*, 348 F.3d 1355 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).  This court may reach the merits of procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298,

320 (1995).

To the extent that the petition can be construed as Thompson relying on his allegations of ineffective assistance of appellate counsel as cause for the procedural default of his ineffective assistance of trial counsel claims, such reliance entitles him to no relief. The state courts decided Thompson's claims of ineffective assistance of appellate counsel adversely to him on the merits.  As previously determined, the decision of the Alabama Court of Criminal Appeals on these issues was neither "contrary to" nor an "unreasonable application" of clearly established federal law as determined by the Supreme Court of the United States and likewise constituted a reasonable determination of the facts in light of the evidence presented.   Thus, Thompson's implicit reliance on his claims of ineffective assistance of appellate counsel to establish cause and prejudice is unavailing.

In the documents before this court, Thompson has demonstrated neither cause for his failure to present his claims of ineffective assistance of trial counsel to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.   Nevertheless, this court may still reach the merits of Thompson's defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).   Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional

claims which are defaulted. *Id.* at 315.   This exception applies where a petitioner

establishes that "a constitutional violation has probably resulted in the conviction of one

who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*,

*supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it

is more likely than not that no reasonable juror would have convicted him.'  *Schlup v.*

*Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley*

*v. United States,* 523 U.S. 614, 623 (1998).   "It is important to note in this regard that

'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v.*

*Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Id.* at

623-624.

> *Schlup* observes that

>> a substantial claim that constitutional error has caused the
>> conviction of an innocent person is extremely rare. . . .  To be
>> credible, such a claim requires petitioner to support his
>> allegations of constitutional error with new reliable evidence
>> – whether it be exculpatory scientific evidence, trustworthy
>> eyewitness accounts, or critical physical evidence – that was
>> not presented at trial.

513 U.S. at 324.

Thompson has failed to make the requisite showing of actual innocence.  He has

presented no evidence nor suggested that any exists which could satisfy the standard set

forth in *Schlup*.  Consequently, Thompson's procedurally defaulted claims are foreclosed

from federal habeas review.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Lee Otho Thompson be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before April 25, 2006 the parties may file objections to the said Recommendation.   Objections must specifically identify the findings in the Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

DONE, this 12th day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE