IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| LEE OTHO THOMPSON,              ) | |
|                                 ) | |
|     Petitioner,                 ) | |
|                                 ) | CIVIL ACTION NO. |
|     v.                          ) | 1:04cv337-MHT |
|                                 ) |     (WO) |
| RALPH HOOKS, Warden, and        ) | |
| TROY KING, Attorney             ) | |
| General of the State of         ) | |
| Alabama,                        ) | |
|                                 ) | |
|     Respondents.                ) | |

OPINION

Pursuant to 28 U.S.C.A. § 2254, petitioner, a state inmate, filed this lawsuit seeking habeas relief. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that petitioner's writ petition be denied. Also before the court are petitioner's objections to the recommendation. After an independent and de novo review of the record, the court concludes that petitioner's objections should be overruled and the magistrate judge's recommendation adopted.

The court adds these comments: In his objections, petitioner also attempts to gain relief by now arguing that he is actually innocent because he did not intend to kill the victim and was only trying to "defend himself for not being further harmed." Petitioner's objections at 4. He further asserts that the new self-defense law enacted by the State of Alabama is newly discovered evidence which would have resulted in his being found not guilty. However, in his habeas petition, petitioner argues that trial counsel was ineffective for even mentioning self-defense during a bench conference because this indicated he actually committed the offense. Petitioner's brief on appeal from denial of Rule 32 petition at 6. Testimony at trial demonstrated that, after chasing the victim from a club across a street, petitioner "stabbed [the victim] in the neck with a knife and that he had the intent to kill when he stabbed [the victim]." Respondents' exhibit D--memorandum opinion on direct appeal at 7. Although the State of Alabama has

enacted a new self-defense law, petitioner has presented no new, reliable evidence not available to him at trial demonstrating that he acted in a manner which would entitle him to relief under the newly enacted self-defense law.  Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 327-328 (1995); Johnson v. Hooks, 138 Fed. Appx. 207, 208 (11th Cir. 2005)(table); Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004). Petitioner's mere conclusory allegation that he acted in self defense is insufficient to support a claim of actual innocence.  This "actual innocence claim is hindered at the onset by a fatal shortcoming--[petitioner] has not presented any actual evidence." Sibley, 377 F.3d at 1206.  In light of the foregoing, petitioner's additional argument contained in his objections is without merit.

    An appropriate judgment will be entered.

    DONE, this the 21st day of April, 2006.

                           /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE